The coincidence that a person of the same name with this indorser resided in the city of New-York was calculated to mislead the notary, and it goes far to exonerate him from moral blame. It was, however, no fault in the defendant, the indorser. There is no evidence that it was known to him, and, if it had been, it is not easy to see how he could have remedied it. He could, it is true, have added his residence to his name on the back of the note, but he was not obliged to do so; and if the person and place of abode were known to the plaintiff, his immediate indorsee, as in the absence of proof it is presumed to have been, he might safely rely upon having the notice properly sent, though he took no special means to prevent a mistake. The fact that the note was dated in New-York was slight evidence that the maker resided there, but none that it was *Page 241 
the residence of the indorser. (Spencer v. The Bank ofSalina, 3 Hill, 520.)
In the currency which the necessities of business and the policy of the law give to bills and notes, they frequently come to the hands of persons who are unacquainted with the prior parties, with whom they have had no transaction. In such a case the holder is not charged with knowledge of their residence, and is not bound to ascertain it at his peril. It is sufficient if he make diligent inquiry in good faith, and send the notice accordingly. There may be cases where the holder does not know the residence of his immediate indorser, and, where this is shown, due inquiries may excuse a notice. Baldwin v.Richardson (1 Barn. Cress., 245) was such a case. But this defendant dealt immediately with the plaintiff, and in the natural course of such transactions they would know each other. The plaintiff does not give any information to the notary, who goes to work in the dark, and finding in the New-York directory the name of John B. Miller, puts the notice under the door of his office; the defendant, in the mean time, being openly and notoriously at Williamsburgh, and, for aught that is shown, with the full knowledge of the plaintiff. This was not, I think, a case for the application of the doctrine of diligence. That is allowed to supply the place of a notice correctly sent, only from necessity. Where the holder knows the party to be charged, and his residence, no diligence is required, and any amount of that virtue will not answer as a substitute for a notice.
But if it were a case for the exercise of diligence, an inquiry should have been made of some one who knew the defendant, or it should have been proved that no person acquainted with him could be found. The fact that the plaintiff was absent from his place of business, for the moment, did not dispense with an inquiry from him. It does not appear that the bank officer of whom the notary inquired knew the defendant or had ever heard of him. He *Page 242 
knew, from looking at the directory or otherwise, that a certain John B. Miller had an office at No. 2 Hanover-square. Both thought this was the man they were looking for, but that was an error, which, though it may excuse the notary, does not charge the defendant.
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed.